UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERBERT BURGESS,

                         Plaintiff,

                                                                                     Civil Case No. 9:07-CV-0204
v.                                                                    (GTS/DRH)

BRIAN FISCHER; ROBERT K. WOODS;
JAMES T. BEZIO; T. ASHLAW;
MICHAEL EDDY; LOUISE TICHENOR;
PAT JOHNSON; and SGT. MARTIN,

                         Defendants.
_____

APPEARANCES:                                                    OF COUNSEL:

HERBERT BURGESS, 93-A-3237
  Plaintiff, *Pro Se*
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. ANDREW M. CUOMO                         CHRISTOPHER W. HALL, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action are Defendants'

motion for judgment on the pleadings, and United States Magistrate Judge David R. Homer's

Report-Recommendation recommending that Defendants' motion for judgment on the pleadings

pursuant to Fed. R. Civ. P. 12(c) be granted. (Dkt. Nos. 61, 69.) Plaintiff did not file any

objections to the Report-Recommendation. For the reasons set forth below, the Report-

Recommendation is accepted and adopted in its entirety, Defendants' motion for judgment on the pleadings is granted, and Plaintiff's Complaint is dismissed.

## I.     RELEVANT BACKGROUND

Plaintiff filed his Complaint in this action on February 26, 2007. Liberally construed, Plaintiff's Complaint alleges that, in 2005 and 2006 at Sing Sing and Upstate Correctional Facilities, the above-captioned Defendants (1) violated his First Amendment rights when they retaliated against him for filing complaints (e.g., filing false misbehavior reports against him, etc.), (2) violated his Eighth Amendment rights when they denied him adequate protection after he was labeled as a "snitch," and then provided him inadequate medical care after an assault, and (3) violated his Fourteenth Amendment rights when they sentenced him to excessive confinement in a Special Housing Unit. (*See generally* Dkt. No. 1.)

On September 11, 2008, Defendants filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking dismissal of Plaintiff's Complaint in its entirety. (Dkt. No. 61.) Generally, Defendants argue that Plaintiff's Complaint should be dismissed because the same claims asserted in this action were, or could have been, litigated in at least three prior actions by Plaintiff in this Court: (1) *Burgess v. Tichenor*, 05-CV-1476-LEK-GHL (N.D.N.Y.); (2) *Burgess v. Friedmann*, 05-CV-0379-NAM-DRH (N.D.N.Y.); and (3) *Burgess v. Alexander*, 05-CV-0142-GLS-DEP (N.D.N.Y.). (Dkt. No. 61, Part 6, at 5-9.) Furthermore, Defendants argue, because Plaintiff entered into Stipulations of Discontinuance in those actions on June 1, 2006, Plaintiff is barred him from relitigating these claims. (*Id*.)

On September 19, 2008, Plaintiff submitted his response in opposition to Defendants' motion. (Dkt. No. 64.) On February 12, 2009, Magistrate Judge Homer issued a Report-Recommendation recommending that Defendants' motion be granted. (Dkt. No. 69.) As previously stated, Plaintiff did not file any objections to the Report-Recommendation.

## II. ANALYSIS

For the sake of brevity, the Court will not recite the well-known legal standard of clear error that governs the review of a magistrate judge's report-recommendation to which a party has made no objection, pursuant to 28 U.S.C. § 636(b)(1)(C). Rather, the Court will merely refer the parties to its decision in *Vigliotti v. Daly*, 05-CV-1320, 2008 WL 5423453, at *1 (N.D.N.Y. Dec. 30, 2008) (Suddaby, J.). After carefully reviewing all of the papers in this action, including Magistrate Judge Homer's thorough Report-Recommendation, the Court concludes that the Report-Recommendation is not clearly erroneous. Magistrate Judge Homer employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court adopts the Report-Recommendation for the reasons stated therein.[1]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 69) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for judgment on the pleadings (Dkt. No. 61) is **GRANTED**; and it is further

---

[1] The Court notes that the Report-Recommendation would survive even a *de novo* review.

  **ORDERED** that Plaintiff's Complaint (Dkt. No.1) is **<u>DISMISSED</u>** in its entirety.

Dated: March 10, 2009
   Syracuse, New York

               _____
               Hon. Glenn T. Suddaby
               U.S. District Judge